IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLA G. HILL, as Administratrix                                                    PLAINTIFF
of the Estate of Larry D. Hill, Jr.,
deceased, and on her own behalf

VS.                              CASE NO. 4:04-CV-4124

CITY OF NASHVILLE, ARKANSAS,
HOWARD COUNTY, ARKANSAS,
LARRY YATES, Nashville Chief of
Police, BUTCH MORRIS, Howard
County Sheriff, STEVE DALLAS,
BRIAN COGBURN, OBIE LAURENT,
JOHN and JANE DOES 1-5, JOHN
and JANE DOES VI-VIII, and
ROBERT MISSEY                                                                        DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

Before the Court is a Motion for Summary Judgment, filed on behalf of Defendants City of Nashville, Arkansas, Howard County, Arkansas, Larry Yates, Butch Morris, Brian Cogburn, Steve Dallas, Robert Missey and Obie Laurent. (collectively, "Defendants"). (Doc. 30). Plaintiff Carla G. Hill, as Administratrix of the Estate of Larry D. Hill, Jr., deceased, and on her own behalf, has responded in opposition. (Doc. 39). The matter is ripe for consideration.

I. BACKGROUND

On Saturday, September 13, 2003, Nashville, Arkansas Police Officer Steve Dallas observed a vehicle proceeding west on Peachtree Street in Nashville swerve across the fog line several times. Officer Dallas pulled the vehicle over, suspecting that its driver might be operating the vehicle under the influence of alcohol or other substances. Officer Dallas approached the vehicle and requested that its driver, Larry D. Hill, Jr., exit the vehicle. Officer Dallas then questioned Hill about his suspicion that Hill was driving under the influence. During the questioning, Hill did not have

bloodshot eyes, was not slurring his speech and was not leaning on his vehicle for support. At one point, Officer Dallas asked Hill to blow into his hand to see if the odor of intoxicants was coming from Hill's breath or from his vehicle, generally. Hill admitted that he had consumed a beer prior to driving, and asked Officer Dallas if he could call for someone to come pick him up.

At some point during this field sobriety test, Hill fled down Peachtree Street on foot, ducked between houses, and ran into the nearby woods. Officer Dallas, also on foot, pursued Hill into the wooded area and called for backup on his radio. Hill ran at high speed, such that Officer Dallas struggled to keep up with him. As the chase went on, however, Hill tripped and fell, and Officer Dallas tackled Hill before he was able to get back onto his feet. Officer Dallas attempted to handcuff Hill behind his back, but was unable to do so. Officer Dallas attempted to hold Hill down, and the two struggled at close range before Hill was able to rise to his feet and flee again. Again, Officer Dallas gave chase, and tackled Hill from behind. Officer Dallas then used pepper spray to subdue Hill. Officer Dallas was attempting to restrain Hill, waiting for backup to arrive at the scene, when he heard Howard County Sheriff's Deputy Brian Cogburn calling for him. Deputy Cogburn rushed to the area in the woods where Officer Dallas was struggling to restrain Hill, and arrived in time to see Hill struggle away from Officer Dallas. Deputy Cogburn rushed towards Hill and struck him from behind with his hand and forearm, knocking Hill to the ground. Deputy Cogburn and Officer Dallas were then able to hold Hill down long enough to handcuff him behind his back. By this time, troopers from the Arkansas State Police arrived on the scene, and assisted Deputy Cogburn and Officer Dallas with carrying Hill out of the woods and back to the street. According to reports, Hill had a white, foamy substance around his mouth and was unable to walk. Once they reached the street, the officers and troopers loaded Hill into the patrol car of Officer Obie Laurent. Eyewitnesses

on Elm Street saw the officers drop Hill onto the ground near the squad car before they loaded Hill into the back seat of Officer Laurent's vehicle. Hill, still handcuffed behind his back, was placed in a seated position in the back seat, but immediately fell onto the seat, and an officer had to open the other door to the back seat to pull Hill across the seat.

Officer Laurent then drove Hill to the Howard County Detention Facility. Officer Laurent pulled into the sallyport of the facility, and was assisted by Jailer Robert Missey, another officer and a trustee in carrying Hill into the booking area. The officers laid Hill on the floor in the booking area near a machine that registers blood-alcohol content. At some point afterwards, Hill stopped breathing. Officer Dallas and Officer Talent discovered that Hill was not breathing, and instructed Jailer Missey to call for an ambulance. While the officers were attempting to perform CPR on Hill, a nurse appeared in the detention center and volunteered her services, but the officers instructed her to leave. Soon afterwards, an ambulance arrived, and emergency medical personnel began to attempt to revive Hill. Hill was then transported to Howard County hospital, where he was pronounced dead. Hill's body was then sent to the Arkansas State Crime Lab for an autopsy to be performed. A total of three autopsies were performed on Hill's body. From these autopsies, it appears that aspiration contributed to Hill's death.

Plaintiff Carla G. Hill, as Administratrix of the Estate of Larry D. Hill, Jr., deceased, and on her own behalf, brings this lawsuit against the City of Nashville, Arkansas, and Howard County, Arkansas, and against Nashville Chief of Police Larry Yates, Howard County Sheriff Butch Morris, Officer Steve Dallas, Deputy Brian Cogburn, Officer Obie Laurent, and Jailer Robert Missey, alleging, *inter alia*, that the officers and municipalities were deliberately indifferent to Larry Hill's serious medical needs, that excessive force was used against Larry Hill, and that Sheriff Morris and

Chief Yates failed to properly train their officers and failed to implement written policies, contributing to deprivations of Larry Hill's constitutional rights. Plaintiff also pleads violations of the Civil Rights Act of 1964, codified at 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Arkansas Civil Rights Act of 1993, codified at Ark. Code Ann. § 16-123-101, *et seq*. Plaintiff further pleads causes of action under Arkansas' wrongful death and survival statutes, codified at Ark. Code Ann. §§ 16-62-101 and 16-62-102. Finally, Plaintiff alleges that she is entitled to punitive damages. Defendants deny each and every one of Plaintiff's claims, and seek an order of summary judgment in their favor.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953, 957 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial−whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is

material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The movant's burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986). The Court need not decide whether the moving party has satisfied its ultimate burden of persuasion unless and until the Court finds that the moving party has discharged its initial burden of production. *Celotex Corp.*, 477 U.S. at 330-331 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157-161, 90 S.Ct. 1598, 1608-10, 26 L.Ed.2d 142 (1970)). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

### III. DISCUSSION

Upon review of the record of this matter, along with the briefs and exhibits of the parties with regard to the summary judgment motion, the Court agrees with Plaintiffs that its decision here hinges upon witness credibility, especially that of the Defendant officers and deputies. The Court's review reveals the unavoidable presence of multiple genuine issues of material fact which may reasonably

be resolved in favor of either Plaintiff or Defendants. As such, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250; *Connolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006)(providing that at the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."); *Abraham v. Raso*, 183 F.3d 279, 287 (3rd Cir. 1999)("Cases that turn crucially on the credibility of witnesses' testimony should not be resolved on summary judgment.") *Plakas v. Drinski*, 19 F.3d 1143, 1147 (7th Cir. 1994), *cert denied*, 513 U.S. 820 (1994)(cautioning that "a court must undertake a fairly critical assessment of the forensic evidence, the officer's original reports or statements and the opinions of experts to decide whether the officer's testimony could reasonably be rejected at trial"). Further, Plaintiff's official capacity claims against Defendants, the equivalent of claims against Howard County, Arkansas, and against the City of Nashville, Arkansas, are properly laid where a municipal custom or policy causes a deprivation of a right protected by the Constitution or federal laws. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court is satisfied that the Plaintiff has met her burden with regard to questions concerning the official policies of the City of Nashville, Arkansas, and Howard County, Arkansas, and county policy-makers Larry Yates, Nashville, Arkansas Chief of Police, and Butch Morris, Howard County Sheriff, such that summary judgment in favor of Defendants is inappropriate.

Finally, the Court is satisfied that Defendants are not entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S.Ct. 2727, 73 L.Ed. 396 (1982)(providing that "qualified immunity would be defeated if an official '*knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights

of the [plaintiff], *or* if he took the action *with the malicious intention* to cause a deprivation of constitutional rights or other injury'")(emphasis in original).  Viewing the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the Plaintiff, as the Court must at this stage, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587, the Court cannot conclude that the Defendants' conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. at 818 (*citing Procunier v. Navarette*, 434 U.S. 555, 565, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978)); *Hope v. Pelzer*, 536 U.S. 730, 741, 122 U.S. 2508, 153 L.Ed.2d 666 (2002)(providing that the "'salient question ... is whether the state of the law' gave the officials 'fair warning that their alleged [conduct] was unconstitutional'"); *Shockency v. Ramsey County*, 493 F.3d 941, 947 (8th Cir. 2007); *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 671-72 (8th Cir. 2007).  Accordingly, Defendants are not entitled to qualified immunity.

## IV. CONCLUSION

For reasons stated herein and above, Defendants Motion for Summary Judgment should be and hereby is **DENIED**.  An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 12th day of June, 2008.

                                                /s/Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        United States District Judge